Fuhr v. Deutsche Bank AG

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of September, two thousand fifteen.

Present:     GUIDO CALABRESI,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                 *Circuit Judges*.

_____

TIM FUHR,

                 *Plaintiff-Appellant*,

            v.                                                    14-3904

DEUTSCHE BANK, AG,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     Kenneth F. McCallion, McCallion & Associates LLP, New York, NY

Appearing for Appellee:      Robert J. Liubicic, Milbank, Tweed, Hadley & McCloy LLP (Sander Bak, Nicole Vasquez Schmitt, Samir L. Vora, *on the brief*) Los Angeles, CA

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and it hereby is **AFFIRMED**.

Tim Fuhr appeals from the August 6, 2014 order and judgment of the United States District Court for the Southern District of New York (Griesa, *J.*) denying Tim Fuhr's petition seeking judicial assistance in obtaining evidence for use in a defamation action pending in Germany pursuant to 28 U.S.C. § 1782 (the "Petition") and the September 18, 2014 order and judgment of that same district court denying Fuhr's motions for reconsideration and to amend or alter the August 6, 2014 order and judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Fuhr seeks to obtain evidence from Deutsche Bank pursuant to 28 U.S.C. § 1782, which provides that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.

28 U.S.C. § 1782(a). Once those statutory requirements are met, a district court may, if it chooses to exercise its discretion, grant discovery under Section 1782 . *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83–84 (2d Cir. 2004).

"[W]e review de novo the district court's determination as to whether the statutory requirements of § 1782 are met, and if we are satisfied that these requirements are met, we review the district court's decision on whether to grant discovery for abuse of discretion. However, we review de novo the question of whether the statute imposes any particular limitations on the exercise of that discretion." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998) (italics omitted).

We find no error with the district court's conclusion that while the Section 1782 petition names Deutsche Bank AG as respondent, Fuhr actually seeks information from Deutsche Bank (Suisse). Even assuming arguendo that Deutsche Bank AG is "found in" the Southern District as required by the statute, the district court did not abuse its discretion in denying the petition. Entirely absent from the record is any evidence that the information sought is located within the Southern District.

We have considered the remainder of Fuhr's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Finally, Fuhr's motion

to supplement the record is hereby DENIED, as there are no "extraordinary circumstances" that require supplementing the record to include evidence not considered by the district court below. *Int'l Bus. Machines Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk